**Maria Lourdes ZEPEDA–
DIAZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

**No. 06–74261.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 29, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Mario Acosta, Jr., Esquire, Elsa I. Martinez, Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Kurt B. Larson, Esquire, Stacy S. Paddack, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, RYMER, and TROTT, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Maria Lourdes Zepeda–Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Zepeda–Diaz's motion to reopen because she did not submit any evidence relating to her continuous physical presence. The record indicates that Zepeda–Diaz was placed in expedited removal proceedings in 1998 and ordered removed under a name she conceded was her alias. Zepeda–Diaz therefore did not establish a prima facie case for cancellation of removal. *See INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (movant must show prima facie eligibility for the underlying substantive relief requested in a motion to reopen); *Juarez–Ramos v. Gonzales,* 485 F.3d 509, 512 (9th Cir.2007) (an expedited removal order interrupts an alien's continuous physical presence for cancellation purposes).

We do not consider Zepeda–Diaz's contention regarding hardship, because her failure to establish continuous physical presence is dispositive. *See* 8 U.S.C. § 1229b(b)(1)(A).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.